UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YVETTE MCCRAE,

                    Plaintiff,

                           **MEMORANDUM & ORDER**
        v.                        21-CV-2386 (WFK)

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Yvette McCrae ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) alleging the Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") erroneously denied Plaintiff's application for Supplemental Security Income ("SSI"). Before the Court is Defendant's Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. ECF No. 17. For the reasons to follow, Defendant's Motion is GRANTED and the Court AFFIRMS the determination of the Social Security Administration.

## BACKGROUND

On March 9, 2018, Plaintiff filed an application for Supplemental Security Income ("SSI"), alleging a disability onset date of March 1, 2017. Administrative Record ("Tr."), ECF No. 16 at 46. After her claim was denied, Plaintiff requested an administrative hearing. *Id.* at 46-74. On March 12, 2019, Plaintiff appeared with counsel at a hearing and testified before Administrative Law Judge ("ALJ") Mark Solomon. *Id.* at 28-45. On March 17, 2020, ALJ Solomon issued a decision finding Plaintiff not disabled since March 1, 2017. *Id.* at 24-45.

Plaintiff subsequently requested review by the Appeals Council, which the Council denied on May 19, 2020. *Id.* at 41-44. The Commissioner took no further action. Therefore, the Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). It does so now.

## STATEMENT OF FACTS

The evidence in this case is undisputed, and the Court adopts Defendant's factual recitation. Def. Mem. at 7-16, ECF No. 17-1.

## APPLICABLE LAW

### I.     Standard of Review

When a claimant challenges a denial of disability benefits by the Social Security Administration ("SSA"), the court's function is not to evaluate *de novo* whether the claimant has a disability but rather to determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla"—it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation omitted). The reviewing court must examine the entire record, weighing the evidence on both sides to ensure the claim "has been fairly evaluated." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983)).

The Commissioner, not the courts, "weigh[s] the conflicting evidence in the record" and resolves such conflicts. *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). "While the ALJ need not resolve every conflict in the record, the crucial factors in any determination must be set forth with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence." *Calzada v. Asture*, 753 F. Supp. 2d 250, 268–69 (S.D.N.Y. 2010) (Sullivan, J.) (internal quotation and alterations omitted). To fulfill this burden, the ALJ must "adequately explain his reasoning in making the findings on which his

ultimate decision rests" and must "address all pertinent evidence." *Kane v. Astrue*, 942 F. Supp. 2d 301, 305 (E.D.N.Y. 2013) (Kuntz, J.) (quoting *Calzada*, 753 F. Supp. 2d at 269).

## II.     Eligibility for Disability Benefits

To be eligible for SSI benefits, an individual must be "aged, blind, or disabled" as defined in 42 U.S.C. § 1382c and, *inter alia*, meet the resource and income limits specified in the Act.  For purposes of SSI, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).  The impairment in question must be of "such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

To evaluate a disability claim, the Commissioner must apply the five-step sequential process set forth in 20 C.F.R. § 416.920. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).  First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i).  If not, the second step is to determine whether the claimant has a "severe medically determinable physical or mental impairment." *Id.* § 416.920(a)(4)(ii).  If the claimant has such an impairment, the third step is to determine whether the impairment or combination of impairments meets or equals one of the listings in Appendix 1 of the regulations. *Id.* § 416.920(a)(4)(iii).  If the claimant's impairment does not match any of the listings, the fourth step requires the Commissioner to determine whether the claimant's residual functional capacity ("RFC") allows the claimant to perform their past relevant work. *Id.* § 416.920(a)(4)(iv).  If the claimant cannot perform past relevant work, the

fifth and final step is to determine whether the claimant can perform any job based on his or her RFC and other vocational considerations, such as work experience, age, and education. *Id.* § 416.920(a)(4)(v). The claimant bears the burden of proving the first four steps, then the burden shifts to the Commissioner at the fifth step. *Rosa v. Callahan*, 168 F.3d 72, 77-78 (2d Cir. 1999).

### III. Evaluation of Medical Opinion Evidence

In making a disability determination, "[t]he ALJ will consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, 13-CV-3285, 2014 WL 4273321, at *12 (E.D.N.Y. Aug. 28, 2014) (Brodie, J.) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370–71 (2d Cir. 2012) (summary order)). When there is conflicting evidence in the record, courts defer to the ALJ's resolution of those conflicts. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). The ALJ shall evaluate every medical opinion on record, although they are directed to "give more weight to the medical opinion of a source who has examined [the claimant] than to the medical opinion of medical source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1). Moreover, the ALJ need not seek additional information "where there are no obvious gaps in the administrative record." *Rosa*, 168 F.3d at 79 n.5.

### DISCUSSION

On March 17, 2020, ALJ Solomon issued a decision denying Plaintiff's claim. *Id.* at 14-24. First, the ALJ determined Plaintiff did not engage in substantial gainful activity since March 1, 2017, the alleged disability onset date. *Id.* at 20. Second, the ALJ found Plaintiff had medically determinable impairments including: "asthma, lumbar degenerative disc disease, and left knee tendinosis and bursitis." *Id.* However, the ALJ found, upon reviewing the record,

4

Plaintiff does not have a severe impairment or combination of impairments. *Id.* In so saying, the ALJ determined Plaintiff could perform light work as defined in the regulations, and, in an eight-hour workday, Plaintiff could sit for six hours, stand/walk a total of six hours, and lift/carry up to 20 pounds occasionally and/or 10 pounds frequently. *Id.* at 21. In addition, the ALJ found Plaintiff must avoid concentrated exposure to respiratory irritants as well as unprotected heights and hazardous moving machinery. *Id.* At step four, the ALJ determined Plaintiff could perform her past work as a fast-food manager. *Id.* at 24. Therefore, the ALJ deemed Plaintiff not disabled. *Id.*

On August 31, 2021, the Court set a briefing schedule directing Plaintiff, a *pro se* litigant, to respond to Defendant's Motion for Judgment on the Pleadings within 30 days of service of the Motion. Order, ECF No. 4. On November 4, 2021, Defendant requested an extension of the briefing schedule, which the Court granted the next day. Order, ECF No. 12. In accordance the new briefing schedule, Defendant's Motion was due December 23, 2021 and Plaintiff's response was due February 21, 2022. *Id.*

On December 23, 2021, Defendant filed a letter confirming service of the Motion upon Plaintiff. Letter, ECF No. 14. On April 12, 2022, after Plaintiff failed to respond to Defendant's Motion, the Court directed Defendant to file the Motion as fully-briefed, which Defendant subsequently did on April 22, 2022. ECF No. 17. In so doing, Defendant included a copy of a letter it served upon Plaintiff which included its Motion and informed Plaintiff her response was due on February 21, 2022. Def. Mot. at 26. In this notice, Defendant also informed Plaintiff she could request additional time from this Court to respond to Defendant's Motion. *Id.* However, to date, Plaintiff has neither responded to Defendant's Motion nor requested additional time in which to do so.

Plaintiff's form complaint asserts the ALJ's decision was "erroneous, not supported by substantial evidence on the record and/or contrary to the law." Compl., ECF No. 1. Courts in the Second Circuit "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017); *see also Rose v. Comm'r of Soc. Sec.*, 202 F. Supp. 3d 231, 239 (E.D.N.Y. 2016) (Garaufis, J.) (citation omitted) ("Due to Plaintiff's *pro se* status, the court holds her pleadings to 'less stringent standards than formal pleadings drafted by lawyers.'"). "This [standard] applies to requests for review of the denial of Social Security benefits." *Tipadis v. Comm'r of Soc. Sec.*, 284 F. Supp. 3d 517, 523 (S.D.N.Y. 2018) (Gorenstein, M.J.).

As Plaintiff has not supplied the Court with the specific bases upon which she brings the instant action, the Court must construe Plaintiff's letter to raise the strongest argument it suggests, which is that the ALJ's finding was not supported by substantial evidence. *See Bishop v. Comm'r of Soc. Sec.*, 21-CV-2685 (BMC), 2022 WL 2316134, at *1 (E.D.N.Y. June 28, 2022) (Cogan, J.) ("[C]onsidering [the claimant's] *pro se* status, I have reviewed the record to determine the strongest arguments that might be made on her behalf, focusing particularly on her residual functional capacity because that is usually the basis for a challenge in these review proceedings."); *see also Mary S. v. Kijakazi*, 21-CV-01313 (MPS) 2023 WL 2643635, at *2 (D. Conn. Mar. 27, 2023) (Shea, J.) (interpreting a *pro se* letter describing a claimant's life history and medical issues and submitted in connection with a social security challenge as a request for remand on the basis of an erroneous RFC determination).

## I. The ALJ's Decision was Supported by Substantial Evidence

Defendant argues, and the Court agrees, substantial evidence supports the ALJ's disability analysis. The ALJ properly applied the five-step sequential process in considering Plaintiff's SSI application, and substantial evidence supports the ALJ's determination at each step. The record supports the ALJ's finding that Plaintiff has not engaged in substantial activity since March 1, 2017. Tr. at 23. Furthermore, Plaintiff's medical records support the ALJ's finding that Plaintiff's asthma, lumbar degenerative disc disease, and left knee tendinosis and bursitis were non-severe impairments. The ALJ noted, as is required by the regulations, that each of these impairments lasted for a continuous period of more than twelve months and significantly affected Plaintiff's ability to perform basic work activities. *See* 20 CFR §§ 404.1520(c) and 416.920(c).

Moreover, the Court finds the ALJ properly concluded at step three that none of Plaintiff's impairments met or medically equaled the criteria of any listed impairment. Tr. at 23; 20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.916. Plaintiff's asthma did not qualify as a *per se* disability under listing 3.03, because the emergency room visit requirement was not met and because there were no pulmonary test findings satisfying the FEVI criteria for 3.03A. Tr. at 23-24; 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 3.03. Plaintiff's lumbar degenerative disc disease did not qualify as a *per se* disability under listing 1.04, because the record did not document nerve root compression characterized by neuro-anatomic distribution of pain, spinal arachnoiditis, nor lumbar spinal stenosis, as required under listing 1.04. Tr. at 23; 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.04. Finally, Plaintiff's knee tendinosis and bursitis did not meet the requirements under listing 1.02, because the record did not include the requisite gross anatomical deformity, chronic joint pain and stiffness, the involvement of one major peripheral

weight-bearing joint, or one major peripheral joint in each upper extremity. *Id.*; 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.02.

The ALJ also correctly determined Plaintiff had two non-severe impairments: urinary incontinence and diabetes mellitus. Tr. at 20. With respect to Plaintiff's urinary incontinence issues, the ALJ noted Plaintiff "is on treatment and denies any complications from this condition." *Id.* Additionally, while the ALJ acknowledged Plaintiff had a history of diabetes mellitus, the ALJ emphasized Plaintiff's "AIC levels . . . are within normal limits and [Plaintiff] reported she did not have any diabetic complications." *Id.*

The Court also finds the ALJ properly evaluated at step four the relevant medical and other evidence in assessing Plaintiff's residual functional capacity, consistent with social security regulations. First, the ALJ properly assessed Plaintiff's symptoms in accordance with the two-step process required by 20 C.F.R. § 404.1529. *See* Tr. at 21. Furthermore, the ALJ properly weighed the medical opinions in the record considering the factors set out in 20 C.F.R. § 404.1527(c). The ALJ also properly considered the opinion of Dr. Vinod Thukral, M.D., who opined Plaintiff lacked limitations for sitting, standing, bending, pulling, or pushing, but qualified his opinion by stating Plaintiff has mild limitations for lifting and carrying. Tr. at 23. In considering this opinion, the ALJ found Dr. Thukral's opinion persuasive because it was supported by Dr. Thukral's internal examination of Plaintiff, which noted "normal gait and generally normal physical examination." *Id.* The ALJ also noted that while Plaintiff had reported pain in her left hand for more than a year, an X-ray taken of her left hand was normal. *Id.* The ALJ also considered the opinion of a DDE consultant, who opined Plaintiff could "perform a full range of medium work, in addition to avoidance of even moderate exposure to fumes, odors, dusts, gasses and/or poor ventilation." *Id.* The ALJ found the DDE consultant's

8

opinion partially persuasive, noting Plaintiff "does not have asthma of a severity that she would have to avoid even moderate exposure to respiratory irritants." *Id.* In support of this conclusion, the ALJ noted Plaintiff "actively smokes, and has had no emergency room visits over the course of the past year." *Id.*

Ultimately, the ALJ determined, based on a thorough review of the record, Plaintiff is capable of performing her past relevant work as a fast food manager, which is classified as "light work." Tr. at 24. This conclusion was supported by substantial evidence. The ALJ considered Plaintiff's reports that she suffered from lower back pain, pain in her left hand, and asthma, but determined that her statements concerning the intensity, persistence, and limiting effects of her symptoms was not entirely consistent with the medical evidence in the record. Tr. at 21-22. With respect to Plaintiff's back pain, the ALJ noted Plaintiff's physical treatment history was "generally normal" and lacked indicators of abnormality. Tr. at 22. The ALJ also noted Plaintiff's physical examination in September 2018 was normal and that she had been recommended to continue with pain management and physical therapy. *Id.* Likewise, the ALJ considered Plaintiff's history of knee pain, which had improved with time, according to the medical record. *Id.* ("Notes in February 2019 document continued knee pain, but less than before."). As the ALJ stated, Plaintiff's medical encounters consistently revealed "normal motor strength" and "normal muscle tone." *Id.* Finally, the ALJ considered Plaintiff's history of "mild, intermittent asthma." *Id.* Namely, the ALJ noted Plaintiff's condition was described as "persistent but without complication." *Id.* While Plaintiff complained of asthmatic symptoms, including coughing and shortness of breath, respiratory examinations were normal. *Id.* Accordingly, the Court determines the ALJ's opinion was legally sound and based upon substantial evidence in the record.

9

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings, ECF No. 17, is GRANTED. The Court hereby AFFIRMS the decision of the Social Security Administration. The Clerk of Court is respectfully directed to terminate all pending motions and close this case.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 17, 2023
       Brooklyn, New York